Irene Karbelashvili, State Bar Number 232223
Law Office of Irene Karbelashvili
12 South First Street, Suite 413
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorney for JOHN RODGERS, Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RODGERS<br>            Plaintiff,<br><br>vs.<br><br>THOMAS J. FITZGERALD, TRUSTEE OF THE FAMILY TRUST; SIZZLER USA, INC., a Delaware corporation, d/b/a SIZZLER RESTAURANT; and DOES 1-10 inclusive,<br>            Defendants. | Case No. 4:14-CV-00985-DMR<br><br>*Civil Rights*<br><br>**FIRST AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, AND § 55; AND HEALTH & SAFETY CODE §§ 19955 ET SEQ.); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**<br><br>**REQUEST FOR JURY TRIAL** |

### *INTRODUCTION*

1. Over twenty years ago, President Bush signed the Americans with Disabilities Act ("ADA"),

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 1 of 11

1   establishing the most important civil rights law for persons with disabilities in our country's
2   history. One of the principal goals of the ADA is the integration of people with disabilities into
3   the country's economic and social life. U.S.C. § 12101(a). Despite this long-standing mandate,
4   Defendants - the owners, operators, lessors and/or lessees of Sizzler Restaurant and its facilities
5   located at or about 1515 Fitzgerald Drive, Pinole, California have failed in their obligation to
6   provide disabled persons like Plaintiff with full and equal access to their goods and services in
7   violation of Title III of the ADA. On information and belief, Defendants failed to construct
8   and/or renovate their public facilities in a readily accessible manner, and failed in their
9   continuing obligation to remove readily achievable architectural barriers that prevent
10  wheelchair users from being able to use and benefit from Defendants' public facilities in a full
11  and equal manner as able-bodied persons. In so doing, Defendants have also violated
12  California civil rights laws, including Health and Safety Code § 19955 *et seq.;* California Code
13  of Regulations Title 24-2 ("Title 24-2); and the Unruh Civil Rights Act ("Unruh Act"), Cal.
    Civ. Code § 51 *et seq.* ("Unruh Act").

14  2. As a result of Defendants' discriminatory acts and omissions, Plaintiff has and will continue
15  to suffer damages and be prevented and/or deterred from accessing and using Defendants'
16  goods, services, and facilities to the same extent as, and in a manner equal to, her able-bodied
17  peers. Through this lawsuit, Plaintiffs primary goal is to remove physical barriers and modify
18  discriminatory policies that deter her and other mobility impaired persons from "full and
19  equal" access to Defendants' public facilities as required by law and compensation for her
20  injuries as the result of Defendants' discriminatory conduct and actions.

21
                              ***JURISDICTION AND VENUE***
22  3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the
23  ADA, 42 U.S.C. § 12201 *et seq.* Pursuant to supplemental jurisdiction, attendant and related
24  causes of action, arising from the same facts, are also brought under California law, including,
25  but not limited to, violations of California Health & Safety Code § 19955 *et seq.* and the Unruh
26  Act, Cal. Civ. Code § *51 et seq.*

27  First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to
    Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1,
28  54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of
    1990

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391 (b) and is founded on the fact that the real property which is the subject of this action is located in the Central District and that Plaintiff's causes of action arose in the Northern District.

### PARTIES

5. Plaintiff JOHN RODGERS ("Plaintiff") is, and at all times relevant herein was, a qualified individual with a physical "disability" as defined under Department of Justice regulation 28 C.F.R. § 36.104 and California Government Code § 12926. Plaintiff is unable to independently stand or walk, as the result of injuries sustained in a shooting accident, and requires the use of a wheelchair for mobility. Plaintiff is unable, due to his physical disability, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require a wheelchair for mobility. Plaintiff is, and at all times relevant hereto was, a resident of California.

6. On information and belief, Defendants THOMAS J. FITZGERALD, TRUSTEE OF THE FAMILY TRUST; and DOES 1 through 10, inclusive (collectively "Defendants") are, and at all times relevant herein were, the owners, operators, lessors, and/or lessees of Sizzler Restaurant located at or about 1515 Fitzgerald Drive, Pinole, California and adjacent facilities, including, *but not limited to,* parking areas and paths of travel ("Sizzler"). On information and belief, THOMAS J. FITZGERALD, TRUSTEE OF THE FAMILY TRUST, owns, operates, manages, and /or leases Sizzler. On information and belief, SIZZLER USA, INC., a Delaware corporation, d/b/a SIZZLER RESTAURANT owns, operates, manages, and/or leases Sizzler. On information and belief, DOES 1 through 10 owns operates, manage, and/or leases Sizzler.

7. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of Defendants DOES 1 through 10, inclusive are ascertained.

### *FACTS UPON WHICH ALL CLAIMS ARE BASED*

8. Sizzler is a "place of public accommodation" as defined under Title III of the ADA ("Title III"), 42 U.S.C. § 12181(7)(B),  and California civil rights laws, Cal. Civ. Code § 51 *et seq.* and Health & Safety Code § 19955 *et seq.*

9. Plaintiff and other similarly situated, physically disabled persons who require the use of a wheelchair or other mobility device, are unable to access and use the goods, services, and facilities offered at Sizzler on a "full and equal" basis unless they are brought into compliance with Title III, 42 U.S.C. § 12181 *et seq.;* Health & Safety Code § 19955 *et seq.,* and California Code of Regulations, Title 24-2 ("Tit. 24-2"), all of which were enacted to ensure full and equal access for persons with disabilities in places of public accommodation. Plaintiff is a member of that portion of the public whose rights are protected by these laws.

10. During the two years prior to the filing of this Complaint and continuing to the date of filing of this Complaint, Plaintiff has dined at Sizzler at least ten (10) times. Plaintiff would have visited Sizzler more, as he enjoys the goods and services, but he has been deterred from doing so due to the ongoing access issues he has experienced while patronizing Sizzler. When Plaintiff has dined at Sizzler, he experienced access barriers.

11. Plaintiff believes that the food at Sizzler is awesome and he tried to dine there each time when he gets a chance. However every time when he goes over the ramp from the parking to

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 4 of 11

the front door it slopes he worries about his wheelchair wheels going over the edge and him falling sideways. Plaintiff has never stop wondering why almost all restaurants have such heavy front doors. He is embarrassed to wait each time for someone to assist him with the door..

12. The barriers in Sizzler's restroom exclude and deter individuals who like Plaintiff from having full and equal use and enjoyment of Sizzler's facilities, including but not limited to incorrect clear space, incorrect mounting and placement of WC and fixtures, extreme floor slopes in front of urinal. When Plaintiff used a bathroom tissue, he hurt his arm because the toilet paper dispenser was out of reach. A slope in front of urinal made Plaintiff worry that his wheelchair will plunge forward. . Had Plaintiff been less careful, he could have suffered serious injuries.

13. The architectural barriers encountered by Plaintiff are as follows:

- No path of travel from public right of way;
- ADA parking signage not compliant;
- No tow away sign;
- Curb ramp encroach into parking area;
- Ramp from parking is steep;
- Flared sides of ramp are steep;
- Access aisle tight and less than 8" wide;
- Parking depth is short;
- No "no parking" signage on ground of access aisle;
- Access aisle slopes;
- Front door is heavy;
- No ISA sign on front door;
- No directional signage outside leading to front door;
- Toilet paper in bathroom out of reach;

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 5 of 11

- Bathroom door has no 18x60 clear space;
- Water closet over 18 from wall;
- Paper dispenser out of reach;
- Floor slopes in front of urinal;
- Mirror is over 40" high;
- No ADA sign on bathroom door;
- No 5% ADA seating.

14. Plaintiff wants to dine at Sizzler in the future because the food is outstanding and it is conveniently located near his home; in an area he often frequents.

15. Until the barriers at Sizzler are removed, Plaintiff will continue to suffer discrimination by being excluded and deterred from returning to Sizzler , and will continue to be denied full and equal access to and use of the same goods, services, facilities, privileges, advantages, and accommodations offered by Defendants to the general public.

16. As the result of Defendants' acts and omissions, as herein described, Plaintiff was, and will continue to be denied full and equal access to the "goods, services, facilities, advantages, or accommodations" offered by Sizzler and has suffered discrimination, humiliation, pain, emotional distress, and embarrassment all to his damage. The ongoing nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury.

## *CLAIMS FOR RELIEF*

### FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT - TITLE III

### (42 U.S.C. § 12101 *et seq.*)

17. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 16 of this Complaint, and incorporates them

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 6 of 11

herein as if separately repled.

18. In 1990, the United States Congress found that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities," and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; that the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; and that the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. § 12101(b).

19. Congress stated as its purpose in passing the Americans with Disabilities Act:

It is the purpose of this act:

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-18 day by people with disabilities. 42 U.S.C. § 12101(b).

20. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities." 42 U.S.C. § 12181 *et seq.* Among "private entities" which are considered "public accommodations" for purposes of this title are "establishments serving food or drink," "shopping center," "sales establishments," and "other service establishments." 42

---

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

U.S.C. § 12181(7)(B), (E), and (F).

21. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

22. Defendants have discriminated against Plaintiff on the basis of her disability in violation of Title III of the ADA and its implementing regulations. Defendants' discriminatory conduct includes, but is not limited to:

A. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

B. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-14 disabled individuals;

C. Failing to design and construct facilities built for first occupancy after January 26, 1993 so that they are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. p. 36, app. A.; 42 U.S.C. § 12183(a)(1); 28 C.F.R. §§ 36.401 and 36.406(a);

D. Since January 26, 1992, failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards, 42 U.S.C. § 12183(a)(2), 28 C.F.R. §§ 36.402, 36.403, and 36.406(a); and

E. Since July 26, 1991, failing to comply with the ongoing obligation to remove barriers, and/or provide path of travel upgrades to remove barriers at facilities where such removal is "readily achievable." 42 U.S.C. § 12182(a)(2)(A)(iv), 28 C.F.R. § 36.304.

Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. §§ 12188 and 12205, Plaintiff prays for judgment as set forth below.

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 8 of 11

### SECOND CAUSE OF ACTION:
### CAL. HEALTH & SAFETY CODE § 19955 *et seq.*

23. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 22 of this Complaint, and incorporates them herein as if separately repled.

24. California Health & Safety Code § 19955 *et seq.* was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title I of the Government Code." Such public accommodations are defined as any "building, structure, facilities, complex, or improved area that is used by the general public...," and includes shopping centers, Cal. Health & Safety Code § 19955.5; restaurants and related sanitary facilities, Cal. Health & Safety Code § 19955; and curbs and sidewalks intended for public use, Cal. Health & Safety Code § 19956.5.

25. On information and belief, Sizzler has undergone construction and/or alterations after January 1, 1982 that triggered access requirements pursuant to Title 24-2. Pursuant to Title 24-2, compliance with disabled access building standards and specifications is required whenever public accommodations, such as Sizzler, undergo an "alteration, structural repair or addition." On information and belief, Defendants did not comply with the access requirements, which Title 24-2 imposes on renovated and remodeled facilities, including, *but not limited to,* the requirements for accessible parking, accessible pedestrian paths of travel, and accessible seating.

Pursuant to the remedies, procedures, and rights set forth in Cal. Health & Safety Code § 19953, Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION:
### UNRUH CIVIL RIGHTS ACT
### (CAL. CIV. CODE § 51 *et seq.*)

26. Plaintiff repleads and incorporates by reference the allegations contained in Paragraphs 1

---

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

through 25 of this Complaint as if fully set forth herein.

27. Sizzler is a business establishment and, as such, must comply with the provisions of the Unruh Act. Cal. Civ. Code § 51 *et seq.*

28. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

29. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Cal. Civ. Code § 51(f).

30. Defendants have violated the Unruh Act by, *inter alia,* denying, aiding, or inciting the denial of Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at Sizzler.

31. Defendants have also violated the Unruh Act by denying, aiding, or inciting the denial of Plaintiff's rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

### PRAYER FOR RELIEF:

WHEREFORE, Plaintiff respectfully requests:

1. That this Court issue an injunction pursuant to Title III of the ADA and Plaintiff's related state law claims:

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

A. Ordering Defendants to alter their facilities to make such facilities readily accessible to and usable by individuals with disabilities; and

B. Prohibiting operation of Defendants' public accommodations and facilities until they provide full and equal access to physically disabled persons, and requiring that such access be immediately provided.

2. That this Court award general, compensatory, and statutory damages pursuant to the Unruh Act in an amount within the jurisdiction of this Court, and that these damages be trebled according to statute;

3. That this Court award special and consequential damages according to proof;

4. That this Court award attorneys' fees, litigation expenses and costs of suit pursuant to Title III of the ADA, 42 U.S.C. § 12205, California Civil Code §§ 52 and 55, California Health & Safety Code § 19953, and California Code of Civil Procedure § 1021.5; and

5. Such other and further relief as the Court may deem just and proper.


Dated: March 4, 2014          /s/  Irene Karbelashvili
                              Irene Karbelashvili, Attorney for Plaintiff
                              John Rodgers


### DEMAND FOR JURY TRIAL


Plaintiff hereby demands a jury for all claims for which a jury is permitted.


Dated: March 4, 2014          /s/  Irene Karbelashvili
                              Irene Karbelashvili, Attorney for Plaintiff
                              John Rodgers


First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990